UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MIKOLAJ MICHALSKI,

                    Petitioner,

        -against-

THOMAS DECKER, in his official capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement; KIRSTJEN NIELSEN, in her official capacity as Secretary of the U.S. Department of Homeland Security; JAMES MCHENRY, in his official capacity as Acting Director of the Executive Office for Immigration Review; JEFFERSON BEAUREGARD SESSIONS III, in his official capacity as the Attorney General of the United States; and U.S. DEPARTMENT OF HOMELAND SECURITY,

                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

17cv9631

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

        Petitioner Mikolaj Michalski, brings this writ of habeas corpus, alleging that his continued detention without a probable cause determination by a neutral and detached magistrate violates his constitutional rights. Michalski names the U.S. Department of Homeland Security and various government officials as Respondents, including Thomas Decker, New York Field Office Director for U.S. Immigration and Customs Enforcement ("ICE"); Kirstjen Nielsen, U.S. Secretary of Homeland Security; James McHenry, Acting Director of the Executive Office for Immigration Review; and Jefferson Beauregard Sessions III, U.S. Attorney General. Respondents seek to dismiss the petition for lack of subject matter jurisdiction and alternatively, for failure to exhaust administrative remedies. Threshold matters aside, Respondents also argue

that Michalski has no viable constitutional claim. For the reasons that follow, the writ of habeas corpus is denied without prejudice.

## BACKGROUND

The facts described below are drawn from Michalski's petition, affidavits and documents appended thereto, affidavits and documents submitted in support of the Government's return, and the barrage of letters filed by both sides since then. ICE agents arrested Michalski on October 31, 2017. They believed that Michalski—purportedly a citizen of Poland—was removable from the United States because he overstayed a student visa. (Petition for Writ of Habeas Corpus, ECF No. 1 ("Pet.") ¶ 1; Return to Habeas Petition, ECF No. 12 ("Gov't's Return"), Ex. 1 ("Notice to Appear"), Ex. 2 ("I-213 Form"); see also Declaration of Deportation Officer Jeffrey Berndt, ECF No. 18 ("Berndt Decl.") ¶¶ 5-7.) In a sworn statement on October 31, Michalski indicated his fear that he would face harm if he were to return to Poland and requested an Immigration Court hearing to determine whether he could remain in the United States. (Gov't's Return, Ex. 3 ("Michalski Aff."), at 8.) Michalski's Notice of Custody Determination reveals that since October 31, he has been detained by ICE pursuant to 8 U.S.C. § 1226(a) at the Bergen County Jail in New Jersey. (Pet. ¶¶ 2, 13, 33; Gov't's Return, Ex. 4 ("Notice of Custody Determination"); see also Berndt Decl. ¶ 3.) Michalski also requested review of ICE's initial custody determination by an immigration judge. (See Notice of Custody Determination, at 2, 4.) Respondents never produced Michalski's student visa, nor did they produce any arrest warrant.

On December 7, 2017, Michalski appeared before an immigration judge in New York for a Master Calendar Hearing. (Pet. ¶ 3, 35; Berndt Decl. ¶ 10.) At that hearing, the Assistant Chief Counsel declined to present any evidence in support of ICE's removal charges.

2

That refusal purportedly represented a change in ICE's policy of presenting such evidence to immigration judges and serving it on the accused at the outset of removal proceedings.[1] (Pet. ¶¶ 4-6, 27, 29-32, 38; Oshiro Decl. ¶ 19.) Michalski's counsel denied the allegations and the removability charge. (Pet. ¶ 39; Berndt Decl. ¶ 10.) Although Michalski's counsel also moved for an immediate hearing to assess whether the government had probable cause to arrest and detain him, the immigration judge instead scheduled a contested removability hearing and bond hearing for January 5, 2018.[2] (Pet. ¶ 6, 41-42; Berndt Decl. ¶ 10.)

Michalski filed this writ on December 7, 2017, seeking his immediate release or an immediate probable cause hearing on the same day that ICE brought him before an immigration judge in New York. He argues that his continued detention without a prompt, impartial assessment of whether his arrest and detention is justified violates the Fourth and Fifth Amendments to the U.S. Constitution. (Pet. ¶¶ 10-12.) This Court directed Respondents to show cause as to why the petition should not be granted. On December 14, 2017, this Court conducted a hearing and directed the parties to brief the threshold issues of jurisdiction and exhaustion of administrative remedies.

---

[1] The parties disagree on the reasons behind ICE's change in policy. (Compare Declaration of Sarah Deri Oshiro, ECF No. 1-4 ("Oshiro Decl.) ¶¶ 15-25, with Declaration of Khalilah Taylor, ECF No. 21 ("Taylor Decl.") ¶ 5.) However, Respondents have agreed to revert to their earlier policy of providing evidence at Master Calendar Hearings. (Taylor Decl. ¶¶ 6, 8-10.) While Michalski disputes whether Respondents have fully complied with that agreement, (see ECF Nos. 16 & 16-1), the relief Michalski currently seeks with respect to this policy is unclear given that he has already received his evidence packet. Moreover, Michalski's complaint with ICE's change in policy appears to be that without such evidence, an immigration judge would be unable to determine if continued detention is justified. However, the antecedent question of whether such a preliminary probable cause determination is constitutionally mandated is a merits question that this Court does not reach.

[2] On December 8, 2017, Respondents provided the Immigration Court and Michalski with the evidence that they contend supports removability. (Berndt Decl. ¶ 11; Taylor Decl. ¶ 7; Gov't Return, Ex. 6.) This evidence consists of Michalski's I-213 Form and rap sheet. (Gov't Return, Ex. 5 ("DHS Proffer").) On December 11, 2017, counsel for Michalski informed the Government that after reviewing the evidence, Legal Aid did not "think an individual hearing on removability (as is currently scheduled) is necessary" and sought conversion of that hearing to a Master Calendar Hearing. (Gov't Return, Ex. 7.) Having heard nothing further, this Court understands the January 5, 2018 hearing to be a removability hearing and bond hearing.

DISCUSSION

The parties raise three dispositive issues: (1) whether this Court has subject matter jurisdiction to entertain this action; (2) whether exhaustion of administrative remedies poses a bar to adjudication; and (3) whether Michalski's continued detention violates the Fourth Amendment or Fifth Amendment as a matter of law.

I. Subject Matter Jurisdiction

Respondents seek dismissal on the basis that any issue arising out of or relating to removal proceedings may only be appealed to the Second Circuit pursuant to 8 U.S.C. § 1252(b)(9). In the alternative, Respondents argue that this action is barred by 8 U.S.C. § 1252(g). However, neither provision deprives this Court of jurisdiction to adjudicate this proceeding.[3]

    A. Section 1252(b)(9)

Under § 1252(b)(9), "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order [of removal]." 8 U.S.C. § 1252(b)(9). Section 1252(a)(5) in turn provides that "[n]otwithstanding any other provision of law . . . including [§ 2241], or any other habeas corpus provision, . . . a petition for review filed with an

---

[3] Nor do §§ 1252(b)(2) and § 1226(e) strip this Court of jurisdiction. Section 1252(b)(2) carves out from judicial review discretionary decisions or actions by the Attorney General or Secretary of Homeland Security. 8 U.S.C. § 1252(b)(2)(B)(ii). But because government officials "do not have discretion to violate the [C]onstitution," § 1252(b)(2) does not bar Michalski's constitutional claims. El Badrawi v. Dep't of Homeland Sec., 579 F. Supp. 2d 249, 268 (D. Conn. 2008); see Zadvydas v. Davis, 533 U.S. 678, 688 (2001). And while § 1226(e) "bars judicial review of certain 'discretionary judgment[s],' that section does not deprive the Court of jurisdiction over . . . constitutional and statutory challenges" to an individual's detention. Gordon v. Shanahan, 2015 WL 1176706, at *2 (S.D.N.Y. Mar. 13, 2015) (citation omitted); see also Demore v. Kim, 538 U.S. 510, 517 (2003) (holding the absence of an express provision in § 1226(e) barring habeas review does not bar constitutional challenges to detention).

appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review." 8 U.S.C. § 1252(a)(5); see 8 U.S.C. § 1252(b)(2) (requiring the petition for review to be filed with the "court of appeals for the judicial circuit in which the immigration judge completed the proceedings").

The Supreme Court has characterized § 1252(b)(9)'s broad language as an "unmistakable zipper clause" that "channels judicial review of all immigration-related decisions and actions to the court of appeals." Calcano-Martinez v. INS, 232 F.3d 328, 339 (2d Cir. 2000) (citing Reno v. American-Arab Anti-Discrimination Comm. ("AADC"), 525 U.S. 471, 482-83 (1999)). In other words, this provision, introduced by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), is simply meant to "consolidat[e] all claims that may be brought in removal proceedings into one final petition for review of a final order in the court of appeals."[4] Calcano-Martinez, 232 F.3d at 340. But importantly, the Second Circuit explained that because § 1252(b)(9) "concerns judicial review in a civil action brought under 28 U.S.C § 1331 rather than review under habeas corpus," it left habeas review under 28 U.S.C. § 2241 intact. Calcano-Martinez, 232 F.3d at 340.

Following the Supreme Court's expansion of judicial review of habeas petitions for criminal aliens in INS v. St. Cyr, 533 U.S. 289 (2001), Congress passed the REAL ID Act of 2005 (the "REAL ID Act"). The REAL ID Act amended § 1252(b)(9) to add that "no court shall have jurisdiction, by habeas corpus under [§ 2241] or any other habeas corpus provision . . . to review such an order [of removal] or such questions of law or fact" except as otherwise provided in § 1252." See 8 U.S.C. § 1252(b)(9). In doing so, the REAL ID Act eliminated § 2241 habeas

---

[4] Prior to the 1996 amendments effected by the IIRIRA and AEDPA, judicial review of removal orders was "sole[ly] and exclusive[ly]" vested in the courts of appeals. See H.R. Rep. No. 109-72 (2005) (Conf. Rep.); see also Henderson v. INS, 157 F.3d 106, 117 (2d Cir. 1998).

5

relief "as a means to review orders of removal" in order to "'limit all aliens to one bite at the apple . . . [and thereby] streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review).'" Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 324 n.3 (2d Cir. 2006) (quoting Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005)).

In support of their position, Respondents seize on language channeling judicial review of "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien . . . ." 8 U.S.C. § 1252(b)(9). But such language—as sweeping as it is—is not limitless. Rather, § 1252(b)(9) by its plain text applies only to review of orders of removal. See 8 U.S.C. § 1252(b) (listing requirements "[w]ith respect to review of an order of removal under [§ 1252(a)(1)]" (emphasis added)); accord Singh v. Gonzales, 499 F.3d 969, 978 (9th Cir. 2007) ("By virtue of their explicit language, both §§ 1252(a)(5) and 1252(b)(9) apply only to those claims seeking judicial review of orders of removal."); see generally Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 56 (2012) (discussing the "supremacy-of-text" principle). This language simply provides that if a petitioner fails to consolidate a question of law or fact in a petition for review of an order of removal by the court of appeals, he cannot seek review by habeas or otherwise. See Singh, 499 F.3d at 978 n.11.

Indeed, as the House Conference Committee Report for the REAL ID Act makes clear,[5] it "would not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders." H.R. Rep. No. 109-72 (2005) (Conf. Rep.) (emphasis added). In

---

[5] The Second Circuit has described Committee Reports as "the most authoritative sources on the meaning of legislation." Xiao Ji Chen, 471 F.3d at 325-26 (consulting the House Conference Committee Report in interpreting provisions of the REAL ID Act).

6

line with this congressional intent, courts in this Circuit have recognized that § 1252(b)(9) does not "preclude habeas review over challenges to detention that are independent of challenges to removal orders." See Hassan v. Holder, 2014 WL 1492479, at *6 (S.D.N.Y. Apr. 15, 2014); accord Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (collecting cases) (citing H.R. Rep. No. 109-72).

Not every lawsuit against immigration authorities is necessarily a challenge to a removal order, and "whether the district court has jurisdiction will turn on the substance of the relief that a plaintiff is seeking." Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011) (per curiam). Here, as Respondents note, Michalski does not appear to be challenging the length of his detention as unconstitutional. Rather, he challenges his "arrest and continued detention . . . absent any determination of probable cause by a neutral judicial officer"—i.e., that the failure to provide a neutral evaluation of the legal justification for his arrest and detention is unconstitutional. (Memorandum of Law in Support of Petition for Writ of Habeas Corpus, ECF No. 12 ("Pet.'s Memo."), at 1.) But this is a distinction without a difference. The substance of the relief that Michalski seeks is his immediate release from unconstitutional detention—whether the detention is unconstitutional because it is too long or because it is unjustified does not matter.

More fundamentally, Michalski cannot be challenging an order of removal for the common-sense reason that he is not yet subject to one. Consequently, because his challenge to the lawfulness of pre-removal detention cannot be connected to that which does not exist, § 1252 does not bar his petition. See Delgado, 643 F.3d at 55 (noting that "district court, not court of appeals, had jurisdiction where plaintiffs' 'habeas petitions challenged only the constitutionality of the arrest and detention, not the underlying administrative order of removal'" (citation omitted, alteration in original)); accord Brown v. Florida, 2009 WL 1834155, at *3 (E.D.N.Y.

7

June 25, 2009). The fact that a determination of the lawfulness of Michalski's detention may not affect the validity of any subsequent order of removal bolsters this Court's conclusion. Cf. 8 C.F.R. § 1003.19(d) (providing that consideration by the immigration judge of an application or request "regarding custody or bond . . . shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding"). The absence of justification to arrest or detain an alien in this context simply means there may be insufficient evidence to believe at that time that the alien is removable from the United States, but does not necessitate that Respondents will ultimately fail to prevail on their burden to establish removability. Thus, Michalski's challenge to the constitutionality of his arrest and detention is not barred by § 1252(b)(9).

B. Section 1252(g)

In a footnote, Respondents contend that 8 U.S.C. 1252(g) also divests this Court's jurisdiction over Michalski's petition. Section 1252(g) provides in relevant part that "[e]xcept as provided by [§ 1252] and notwithstanding any other provision of law . . ., including [28 U.S.C. § 2241], or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

In AADC, the Supreme Court "narrow[ly] read[]" § 1252(g) to "appl[y] only to three discrete actions that the Attorney General may take"—i.e., "her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" AADC, 525 U.S. at 482, 486 (emphasis in original). None of these discrete actions are implicated by Michalski's challenge to his detention. First, the decision or action to detain an individual under § 1226(a) is independent from the decision or action to commence a removal proceeding. Accord El Badrawi

8

v. Dep't of Homeland Sec., 579 F. Supp. 2d 249, 265-66 (D. Conn. 2008). This conclusion finds support in the fact that under § 1226(a), an alien "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Nor can the decision or action to arrest or detain an alien be fairly construed as a decision or action to "adjudicate cases." As explained in AADC, § 1252(g) limits jurisdiction over challenges to the Executive's exercise of prosecutorial discretion in three stages of the removal process—including the discretion to continue or withdraw a removal proceeding. AADC, 525 U.S. at 483, 486. But the decision to detain an individual—while collateral to a removal proceeding—does not implicate the Executive's discretion in continuing or withdrawing such a proceeding. Finally, without a removal order in this case, the third category would be akin to Hamlet without the prince. In sum, because Michalski's petition only challenges the extent of the Attorney General's authority to detain him as opposed to the Attorney General's exercise of discretion for the three enumerated types of decisions or actions, § 1252(g) is inapplicable. See Zadvydas, 533 U.S. at 688.

II. Exhaustion of Administrative Remedies

In the alternative, Respondents assert that Michalski's petition should be dismissed because he has failed to exhaust his administrative remedies. A habeas petitioner must normally exhaust administrative remedies before seeking federal court intervention. Monestime v. Reilly, 704 F. Supp. 2d 453 (S.D.N.Y. 2010). While § 2241 does not include a statutory exhaustion requirement, district courts in this Circuit have recognized such a requirement as a prudential matter "before immigration detention may be challenged in federal court by a writ of habeas corpus." See Paz Nativi v. Shanahan, 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017) (collecting habeas cases involving a pending BIA appeal of a bond determination that imposed a

9

prudential exhaustion requirement).

Nonetheless, in this Circuit, a district court may in its discretion excuse exhaustion when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003). Michalski's argument for excusing exhaustion boils down to the fact that (1) his petition raises pure constitutional issues that the Board of Immigration Appeals may not address based on its binding precedent; and (2) he will suffer irreparable injury from his continued detention, especially in light of his medical and mental health conditions.

Under its governing precedent, the Board of Immigration Appeals "has no authority to consider [Michalski's] arguments concerning the constitutionality of his detention." Omar Mejia Rojas, 2014 WL 1120179, at *1 (BIA Jan. 31, 2014). This Court also recognizes that Michalski's petition advances emergent constitutional questions regarding the extent to which the Fourth Amendment circumscribes civil immigration detention pending removal proceedings.[6] Indeed, some academic commentators have argued that the initial arrest and detention pending removal proceedings should be challenged under a Fourth Amendment rubric. See, e.g., Michael Kagan, "Immigration Law's Looming Fourth Amendment Problem," 104 Geo. L.J. 125, 128-29 (2015) (arguing that the "principal constitutional problem with immigration

---

[6] Challenges to the length of civil immigration detention—including under 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c)—have typically been on due process grounds. Indeed, the Second Circuit's bright-line rule requiring that individuals in mandatory detention under § 1226(c) pending removal proceedings receive bail hearings before immigration judges within 6 months of their detention was premised on constitutional due process concerns. Lora v. Shanahan, 804 F.3d 601, 606 (2d Cir. 2015). And while the Second Circuit has not explicitly extended Lora to discretionary detentions under § 1226(a), at least one court in this Circuit has. See, e.g., Nguti v. Sessions, 2017 WL 1653030, at *13-14 (W.D.N.Y. May 2, 2017); Enoh v. Sessions, 232 F. Supp. 3d 787, 791 (W.D.N.Y. 2017). The contours of due process limitations for detention under §§ 1225(b), 1226(a), and 1226(c) is currently before the Supreme Court. See Jennings v. Rodriguez, 136 S. Ct. 2489 (2016) (granting petition for writ of certiorari).

10

enforcement is that a person may be deprived of liberty without any prompt review by a neutral magistrate to determine if probable cause exists to justify the arrest and continued custody"); cf. Manuel v. City of Joliet, Ill., 137 S. Ct. 911, 919 (2017) (reaffirming that "[i]f the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment"). Here, as opposed to challenging the length of his detention, Michalski essentially challenges his arrest and detention under § 1226(a) without any evaluation of legal justification as unconstitutional.

But this Court need not reach the merits raised by Michalski's petition because a bond hearing is scheduled on January 5, 2018. (See Berndt Decl. 10.) Such a hearing, assuming it proceeds, largely scuttles his petition. If the immigration judge releases Michalski on bond, his petition would be moot. And even if the immigration judge denies bond, Michalski's petition could be mooted if the Board of Immigration Appeals reverses that determination. Because Michalski's bond hearing may provide him with the relief that he seeks—i.e., his release—this Court concludes in the exercise of its discretion that Michalski must exhaust these avenues before seeking judicial relief. See Paz Nativi, 2017 WL 281751, at *2. In addition, Michalski's claim that prolonged detention constitutes an irreparable injury that may excuse exhaustion has been rejected by courts in this District. E.g., Paz Nativi, 2017 WL 281751, at *2 (noting that if detention could constitute irreparable injury, the "exception would swallow the rule that the INS administrative remedies must be exhausted before resorting to the federal courts" (citation omitted); Bogle v. DuBois, 236 F. Supp. 3d 820, 823 n.6 (S.D.N.Y. 2017) (same).

Prudence counsels judicial restraint in unnecessarily crossing uncharted territory, especially in the immigration arena in which the federal government's political branches exercise plenary authority. See, e.g., Rajah v. Mukasey, 544 F.3d 427, 438 (2d Cir. 2008) (noting that the

"power to expel or exclude aliens [is] a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control" (quoting Fiallo v. Bell, 430 U.S. 787, 792 (1977)). Congress has "repeatedly legislated" in the area of immigration, Shi Liang Lin v. U.S. Dep't of Justice, 494 F.3d 296, 323 (2d Cir. 2007) (en banc) (Katzmann, J., concurring in the judgment), and the "federal statutory structure" currently delineates when it is appropriate to arrest and detain an alien during the removal process, Arizona, 567 U.S. at 407 (comparing arrest and detention under § 1226(a) and § 1357(a)). Presently, discretionary detention under § 1226(a) does not require an impartial arbiter to make a prompt probable cause determination. Declining to find § 1226(a) unconstitutional or to read in such a requirement serves the purposes of the exhaustion requirement. See Beharry, 329 F.3d at 62 (purposes of a prudential exhaustion requirement "include protecting the authority of administrative agencies, limiting interference in agency affairs, . . . and resolving issues to render judicial review unnecessary").

This is not to suggest that Michalski may not seek habeas review of his Fourth Amendment or Fifth Amendment challenges to discretionary detention until after a removal determination. Thus, if Michalski remains detained as a result of his bond hearing and any appeal to the Board of Immigration Appeals, he may file another habeas petition. See Cepeda v. Shanahan, 2016 WL 3144394, at *2 n.3 (noting that when a petitioner does not exhaust administrative remedies, a district court should ordinarily dismiss the petition without prejudice or stay the proceedings).

## CONCLUSION

For these reasons, Michalski's petition for a writ of habeas corpus is denied without prejudice. Michalski's motion to expedite a ruling is denied as moot. The Clerk of Court is directed to terminate all pending motions and mark this case as closed.

Dated: January 4, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.